```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH S. HIRSCH,

                Plaintiff,              MEMORANDUM & ORDER
                                        08-CV-2660(JS)(AKT)
        -against-

JOHN K. DESMOND, SUFFOLK COUNTY
PROBATION DEPARTMENT, CHRISTINA J.
GILSON, NANCY H. YOUNG, KAREN
BELLAMY, KATHERINE PERNAT,
and JOHN (JANE) DOE,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Joseph S. Hirsch, pro se
                    45 Belmont Avenue
                    Plainview, New York 11803

For Defendants:
John K. Desmond,    Brian C. Mitchell, Esq.
Christina J.        Suffolk County Attorney's Office
Gilson, & Nancy     100 Veterans Memorial Highway
H. Young            P.O. Box 6100
                    Hauppauge, NY 11788

Karen Bellamy,      Toni E. Logue, Esq.
Katherine Pernat    New York State Attorney General's Office
& John (Jane) Doe   200 Old Country Road, Suite 460
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Joseph S. Hirsch ("Hirsch" or "Plaintiff") commenced this action pro se pursuant to 42 U.S.C. § 1983 on June 25, 2008, alleging violations of his federal constitutional rights. On October 21, 2009, Hirsch filed an Amended Complaint. Presently pending before the Court is Defendants John K. Desmond, Christina J. Gilson, and Nancy H. Young's (for the

purposes of this motion, the "Suffolk Defendants") motion for summary judgment. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

BACKGROUND

I. Factual Background[1]

On December 12, 2001, Hirsch was found guilty by a jury of two counts of Sexual Abuse in the First Degree, two counts of Assault in the Second Degree, and Unlawful Imprisonment in the First Degree. (Suffolk Defs. 56.1 Stmt. ¶¶ 1-2 & Ex. D.) Pursuant to section 390.30 of the New York Criminal Procedure Law, Suffolk Defendant Christina Gilson ("Gilson"), a Probation Officer with the Suffolk County Probation Department ("Probation Department"), prepared and signed a pre-sentence investigation and report ("PSIR") regarding Hirsch. (Id. ¶ 3 & Ex. A.) Suffolk Defendant Nancy H. Young ("Young"), a Supervising Probation Officer, reviewed and signed Gilson's PSIR. (Id. at Ex. B.) On January 2, 2002, in anticipation of Hirsch's sentencing, the PSIR was provided to Hirsch's trial judge, Justice John Copertino of the Suffolk County Supreme Court. (Id. ¶ 4 & Exs. A, B.)

---

[1] The following facts are drawn from the parties' Local Civil Rule 56.1 Statements ("56.1 Stmt.") and their evidence in support. Any factual disputes are noted.

2

Hirsch was sentenced on January 3, 2002 by Justice Copertino to a six-year term of incarceration. (Id. ¶ 2 & Exs. C, D.) At sentencing, Hirsch's counsel, William Keahon, Esq., objected to several portions of the PSIR summarizing statements made by Hirsch's accuser.[2] (Id. at Ex. C.) Justice Copertino sustained counsel's objections, indicated that he would not consider the objected-to portions of the PSIR, and ordered that they be stricken. (Id. ¶ 5 & Ex. C.) Mr. Keahon stated that he would "get a copy of the [sentencing] record, and ask for an amended probation report in keeping with the Court's ruling." (Id.) Notwithstanding Justice Copertino's order and Mr. Keahon's representation, "[t]he redactions . . . were never effectuated." (Id. at Ex. D.)

The un-redacted PSIR was then forwarded to the New York State Department of Correctional Services ("DOCS"), in whose facilities Hirsch was serving his sentence. Hirsch asserts that, during his incarceration, he was required to enter a Sex Offender Counseling Program ("SOCP") as a condition of earning good-time credits towards early release. (Pl. 56.1 Stmt. ¶ 13; Am. Compl. Ex. D.) However, Hirsch refused to

---

[2] Hirsch asserts that the Suffolk Defendants "purposefully and willfully failed to investigate the veracity of the plaintiff's accuser's lies without regard for the effects that [including] such information [in the PSIR] would have upon the plaintiff." (Pl. 56.1 Stmt. ¶ 7.)

3

participate in SOCP because to do so would have allegedly required him to admit to all of the conduct outlined in the PSIR, including the crimes of which he was acquitted.[3] (Am. Compl. Ex. D.) Thus, Hirsch contends, the "insistence on Plaintiff's 'confession' to the erroneous crimes listed in the PSI Report, effectively precluded Plaintiff from participating in [SOCP], thereby causing Plaintiff to lose his good-time credits." (Am. Compl. § III.17 & Ex. D.) As a result, the New York State Board of Sex Offenders added fifteen points to Hirsch's "Risk Assessment" score for "refusal to accept responsibility and his expulsion from treatment." (Am. Compl. Ex. F.)

Hirsch then commenced an action in Suffolk County Criminal Court, contesting the Board's determinations. On December 5, 2007, Hirsch won a partial victory when Judge Barbara Kahn found that the Board "improperly relied" on the stricken portions of the PSIR. (Suffolk Defs. 56.1 Stmt. Ex. D.) However, Judge Kahn's decision did not affect Hirsch's loss of good-time credits or the additional fifteen points added to

---

[3] Hirsch does not allege that this portion was ordered redacted. Additionally, as the Court previously stated, "[t]hat acquitted offenses appeared in Hirsch's PSIR is not inconsistent with current law governing whether weight may be afforded to acquitted offenses in sentencing and in determining inmate status." Hirsch v. Desmond, No. 08-CV-2660, 2010 WL 3937303, at *1 n.1 (E.D.N.Y. Sept. 30, 2010) (collecting cases).

4

his Risk Assessment score for refusing to accept responsibility and being expelled from SOCP. (Id.) These additional fifteen points resulted in Hirsch being designated a level two, as opposed to a level one, offender. (Pl. 56.1 Stmt. ¶ 15.)

On January 23, 2008, Judge Kahn issued an order directing the Probation Department to supply the court with a copy of the un-redacted PSIR, so the court could "make the appropriate redactions and have same submitted to the Department of Probation to be filed accordingly." (Suffolk Defs. 56.1 Stmt. Ex. E.) Upon receipt of Judge Kahn's order, the Probation Department provided the court with a copy of the PSIR. (Id. at Ex. F.) Judge Kahn then made redactions to the PSIR, and on March 5, 2008 issued an order directing the Probation Department to incorporate her redactions in an amended PSIR "to be filed within the ordinary course of business." (Id. at Ex. G.) On March 18, 2008, Pamela Keating, a Probation Department employee, redacted the PSIR as directed by Judge Kahn and provided a copy of the amended PSIR to the Court, Plaintiff's counsel, and the Suffolk County District Attorney. (Id. at Ex. F.)

## II. Procedural History

Hirsch commenced this action on June 25, 2008 and filed an Amended Complaint on October 21, 2009. In his Amended Complaint, he asserts section 1983 claims against the "New York

State Defendants"[4] for violating his Fifth Amendment right against self-incrimination, due process, equal protection, and double jeopardy.  These claims were dismissed by the Court on September 30, 2010 on the basis of qualified immunity.  The Amended Complaint also asserts section 1983 claims against the Suffolk Defendants in their individual and official capacities for violating his right to due process and equal protection.

Specifically, with respect to the claims against the Suffolk Defendants, Hirsch alleges that "Gilson and Young's failure to ascertain the veracity of the statements contained in the PSI Report and the Suffolk County Probation Department's willful disregard of Judge Copertino's order to strike the offending portions from the report, violated Plaintiff's rights to Due Process and Equal Protection . . . ."  (Am. Compl. § III.6.)  He seeks damages in the amount of $5,400,000 and "[a]n Order directing the Suffolk County Probation Department to rewrite the PSI Report in cooperation with the Plaintiff removing the offending lies and misstatements." (Id. § IV.2-3.)

On August 22, 2011, before conducting any discovery, the Suffolk Defendants filed a motion for summary judgment arguing that they are also entitled to qualified immunity.  In

---

[4] The "New York State Defendants" are Katherine Pernat, Plaintiff's SOCP Counselor; Karen Bellamy, the DOCS employee who denied his grievance; and John Doe (later identified as Stephen Weber), the assessor from the Board who determined Plaintiff's Risk Assessment score.

6

the alternative, they argue that they cannot be held liable "for the conduct of the New York State Department of Corrections in relying upon the [un-redacted PSIR] because the Suffolk Defendants were never ordered to make any changes to the report until March of 2008" (Suffolk Def. Mot. 3), because they are entitled to absolute immunity, and because Hirsch "can produce no evidence that the Suffolk County Department of Probation or the defendant probation officers participate in or have any control over the decisions of the New York State Department of Corrections," (id. at 10).

DISCUSSION

I.  Standard of Review

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortg. Corp. (In re Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); FED. R. CIV. P. 56(c)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir.

1997); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). Where, as here, the non-moving is proceeding pro se, the Court should "read [the pro se party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "However, a pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)); accord Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41

("[U]nsupported allegations do not create a material issue of fact." (citing Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995))).

II. Individual Liability

The Second Circuit has held that New York probation officers are entitled to absolute immunity from suits arising out of their preparation and submission of PSIRs to the courts. See Hili v. Sciarrotta, 140 F.3d 210, 214 (2d Cir. 1998); see also Dorman v. Higgins, 821 F.2d 133, 137 (2d Cir. 1987) (holding that absolute immunity shields federal probation officers from liability). The reason for this is twofold. First, New York law provides a number of procedural safeguards that are designed to protect a criminal defendant from being punished on the basis of inaccurate information in a PSIR. See Hili, 140 F.3d at 213-14; see also Grant v. Ahern, No. 03-CV-0539, 2005 WL 1936175, at *3 (N.D.N.Y. Aug. 5, 2005).[5] Second,

---

[5] For example, prior to sentencing the PSIR must be disclosed to defense counsel, N.Y. CRIM. PROC. LAW § 390.50, the defendant must have an opportunity to comment on any fact and refute any information he believes is untrue, id. §§ 390.50, 400.10, and the defendant may appeal a court's decision to accept a PSIR despite any alleged inaccuracies, see Hili, 140 F.3d at 214 (citing N.Y. CRIM. PROC. LAW. §§ 450.10, 450.30, 440.20). Even the use of a PSIR by prison officials and Parole Boards is subject to safeguards that allow a defendant to test and refute its accuracy. See Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979) (holding that "in certain limited circumstances" a prisoner may commence suit against prison officials to challenge the accuracy of information contained in his prison file); Dorman, 821 F.2d at 138 (stating that parolees are entitled to an opportunity to

9

absolute immunity "is needed in order that the official not, out of fear of exposure to a civil suit for damages, be intimidated in the exercise of his discretion and the proper performance of his duties." Dorman, 821 F.2d at 136.

Absolute immunity extends even if inaccurate information is intentionally or maliciously included in a PSIR. See id. at 139 ("[S]ince absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity."); see also Grant, 2005 WL 1936175, at *3.

Based on the foregoing, the Court finds that the Suffolk Defendants' actions in this case--namely, preparing and submitting a PSIR containing allegedly unverified information--are protected by absolute immunity. Accordingly, Hirsch's claims for monetary damages against the Suffolk Defendants in their individual capacities are DISMISSED.[6]

---

appear and testify regarding allegedly inaccurate statements in a PSIR (citing Ochoa v. United States, 819 F.2d 366, 368 (2d Cir. 1987)).

[6] It is unsettled whether probation officers are also immune from injunctive relief in connection with their pre-sentence report duties, see Hili, 140 F.3d at 215; however, the Court need not address this issue because Hirsch is only seeking injunctive relief against the Suffolk Defendants in their official capacities. (See Am. Compl. § IV.2.)

III. Liability in their Official Capacity

Absolute immunity, however, does not bar Hirsch's claims against these individuals in their official capacities. See Ying Jing Gan v. City of N.Y., 996 F.2d 522, 529 (2d Cir. 1993),[7] therefore, the Court will address the merits of the Suffolk Defendants' remaining arguments.

First, the Suffolk Defendants assert that they are entitled to summary judgment because "they were never ordered to make any changes to the [PSIR] until March 2008" (Suffolk Defs. Mot. 8).[8] Hirsch does not dispute that the Probation Department was not made aware of Justice Copertino's order until March 2008. Rather, he argues that the Suffolk Defendants' failure to investigate the veracity of his accuser's statements before including them in the original PSIR violated his rights to due process and equal protection. (Pl. 56.1 Stmt. ¶ 6; Am. Compl. § III.6.) The Suffolk Defendants' argument does not address this claim.

Second, they assert that they are entitled to summary judgment on the ground that the conduct of the Suffolk Defendants was not a proximate cause of Hirsch's injuries. They argue that Hirsch cannot establish proximate cause because

---

[7] Similarly, qualified immunity is not available to individuals sued in their official capacities. See id.

[8] The Court notes that the Suffolk Defendants fail to provide any law in support of this argument.

11

the decision to deny good-time credits and award a higher risk assessment score was made by the New York State Defendants and Hirsch can produce no evidence that the Suffolk Defendants participated in or had any control over those decisions. While section 1983 does require a plaintiff to prove that the defendants proximately caused the deprivation of his constitutional rights, see Warner v. Orange Cnty. Dep't of Prob., 115 F.3d 1068, 1071 (2d Cir. 1997), the Suffolk Defendants' argument misapprehends the nature of proximate cause.

"The test for proximate cause is whether the [defendants'] actions or [their] failure to act were substantial factors in the sequence of causation and whether the injury is reasonably foreseeable or anticipated as a natural consequence of the [defendants'] actions or [their] failure to act." Noga v. City of Schenectady Police Officers, 169 F. Supp. 2d 83, 89 (N.D.N.Y. 2001) (internal quotation marks and citation omitted); see also Warner, 115 F.3d at 1071 ("[T]ort defendants, including those sued under § 1983, are responsible for the natural consequences of their actions." (internal quotation marks and citation omitted)). Thus, the issue is whether the actions of the New York State Defendants were reasonably foreseeable, not, as the Suffolk Defendants suggest, whether they participated in or had any control over those actions.

Further, even if the Suffolk Defendants' application of proximate cause was correct, the Court would still deny summary judgment as to the remaining claims. The Suffolk Defendants' argument that they are entitled to summary judgment because Hirsch "can produce no evidence" to refute their assertions completely ignores the fact that Hirsch has not had an opportunity to conduct any discovery in this case. "A party opposing a motion for summary judgment must have had the opportunity to discover information that is essential to his opposition to the motion," Sutera v. Schering Corp., 73 F.3d 13, 18 (2d Cir. 1995) (internal quotation marks and citation omitted), and "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery," Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000). Accordingly, Hirsch must be given the opportunity to conduct discovery before the Court will find that Plaintiff "can produce no evidence" to raise a genuine issue of material fact.[9]

The Suffolk Defendants have raised no additional arguments as to why they would be entitled to judgment as a matter of law on the official capacity claims at this stage of

---

[9] This also applies to the Suffolk Defendants' final argument that Hirsch's claims against Desmond must be dismissed because "there is no proof that he was personally involved in the alleged deprivation of the plaintiff's constitutional rights." (Suffolk Defs. Mot. 11.) See Sutera, 73 F.3d at 18.

13

the litigation; therefore, their motion for summary judgment on these remaining claims is DENIED as premature but without prejudice to refile after the close of discovery.

CONCLUSION

For the foregoing reasons, the Suffolk Defendants' motion for summary judgment (Docket Entry 60) is GRANTED IN PART AND DENIED IN PART.  It is GRANTED with respect to the claims against the Suffolk Defendants in their individual capacities, and it is DENIED as to the claims against them in their official capacities without prejudice to refile after the close of discovery.

Counsel for the Suffolk Defendants is ORDERED to serve a copy of this Memorandum and Order on the pro se Plaintiff and file proof of service via ECF within seven (7) days of the date of this Memorandum and Order.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Date: February  15 , 2012
      Central Islip, New York