```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH S. HIRSCH,

                        Plaintiff,

        -against-
                                            MEMORANDUM & ORDER
JOHN K. DESMOND, THE SUFFOLK COUNTY         08-CV-2660(JS)(AKT)
DEPARTMENT OF PROBATION, CHRISTINA J.
GILSON, NANCY J. YOUNG, KAREN BELLAMY,
KATHERINE PERNAT, JOHN (JANE) DOE,
(name being fictitious) an employee of
the New York State Board of Bar
Examiners,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:         Philip M. Smith, Esq.
                       Darren Richard Luft, Esq.
                       Patton Boggs LLP
                       1185 Avenue of the Americas
                       New York, NY 10036

For the County         Brian C. Mitchell, Esq.
Defendants:            Suffolk County Attorney's Office
                       100 Veterans Memorial Highway
                       P.O. Box 6100
                       Hauppauge, NY 11788

For the State          Toni Logue, Esq.
Defendants:            New York State Attorney General's Office
                       200 Old Country Road, Suite 460
                       Mineola, NY 11501
```

Presently before the Court is Plaintiff Joseph Hirsch's motion to file a second amended complaint. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff commenced this action pro se on June 25, 2008, alleging violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983. (Docket Entry 1.) On October 21, 2009, Plaintiff filed an Amended Complaint (the "First Amended Complaint" or "FAC") naming the Suffolk County Probation Department, John K. Desmond, Christina Gilson, and Nancy J. Young (collectively, the "County Defendants"), and Karen Bellamy, Katherine Pernat, and Stephen Weber[1] (collectively, the "State Defendants") as Defendants. (Docket Entry 33.)

I. The Allegations in the FAC

    A. Against the County Defendants

In or around January 2002, Plaintiff was convicted by a jury of two counts of Sexual Abuse in the First Degree, two counts of Assault in the Second Degree, and one count of Unlawful Imprisonment in the First Degree and sentenced to a six-year term of incarceration.[2] At sentencing, his lawyer objected to several portions of the Pre-Sentence Investigation and Report ("PSIR"), which was prepared by Defendant Gilson, a

---

[1] Stephen Weber identified himself as the First Amended Complaint's "John Doe." (Docket Entry 41.)

[2] Plaintiff was also charged with three additional counts of Sexual Abuse in the First Degree as well as one count of Aggravated Sexual Abuse in the Second Degree for allegedly inserting his finger into his victim's rectum. He was acquitted of all of these charges. (FAC Ex. B.)

probation officer in the Suffolk County Probation Department (the "Department"), and reviewed by Defendant Young, a supervising probation officer in the Department. (FAC § III.1.) Although the trial judge ordered the objected-to portions stricken from the PSIR, this order was never carried out. (FAC § III.2.) The PSIR also included a "slanderous lie" that Plaintiff penetrated his victim's rectum, even though the jury found Plaintiff not guilty of that charge. (FAC § III.3.) Subsequently, the Department forwarded the un-redacted PSIR to the New York State Department of Correctional Services ("DOCS"), in whose facilities Hirsch was serving his sentence. (FAC § III.4.)

The FAC asserts that the County Defendants' failure to investigate the veracity of the statements that they included in the PSIR and their "willful disregard" of the trial judge's order to strike the "offending portions" violated his rights to due process and equal protection. (FAC § III.6.)

B. Against the State Defendants

During his incarceration, Plaintiff was required to enter the Sex Offender Counseling Program ("SOCP") as a condition of earning good-time credits toward early release. (FAC § III.12.) The SOCP required participants to confess to all offending behavior listed in their PSIRs. (FAC § III.13.) Thus, Defendant Pernat, a counselor at the facility, insisted

that Plaintiff admit to the conduct outlined in his "erroneous" PSIR, including "horrendous crimes that he had not committed or had been specifically found Not Guilty of committing." (FAC §§ III.13-14.) And, as per the SOCP's "Waiver of Partial Confidentiality" (the "Waiver"), any confession that Plaintiff made during counseling would be reported to "the appropriate law enforcement agency," subjecting him to further prosecution and punishment for crimes he did not commit. (FAC §§ III.15-16.) The FAC asserts that Defendant Pernat's "insistence on Plaintiff's 'confession' to the erroneous crimes listed in the PSI Report, effectively precluded Plaintiff from participating in [SOCP], thereby causing Plaintiff to lose his good-time credits." (FAC § III.17.) The FAC asserts that this "insistence" violated his Fifth Amendment privilege against self-incrimination and his Fifth and Fourteenth Amendment rights to due process and equal protection. (FAC § III.18.) The loss of his good-time credits resulted in Plaintiff serving an additional ten and a half months in prison, which the FAC alleges also violated his right to due process and equal protection.

The FAC further alleges that, at his Sex Offender Level Hearing, Defendant Weber, an assessor for the New York State Board of Sex Offenders, added fifteen points to his score for "refusal to accept responsibility and his expulsion from

4

treatment," improperly basing his decision, in part, on the stricken portions of Plaintiff's PSIR, "as well as charges for which the jury specifically found the Plaintiff not guilty." (FAC § III.27.) The FAC asserts that such increase in his threat-level assessment due to his failure to complete SOCP also violated the Constitution's double jeopardy clause.

Plaintiff then commenced an action in Suffolk County Criminal Court, contesting Weber's determinations. On December 5, 2007, Plaintiff won a partial victory when Suffolk County Criminal Court Judge Barbara Kahn found that Weber "improperly relied" on the stricken portions of the PSIR, and "improperly awarded" Hirsch fifteen points for "Drug and Alcohol Abuse." (FAC §§ III.28-29.) But Judge Kahn's decision did not affect Plaintiff's loss of good-time credits or the additional fifteen points that Weber added for refusing to accept responsibility and being expelled from SOCP. (FAC § III.31.) These additional fifteen points resulted in Plaintiff being designated a level-two offender, severely restricting his post-release liberty. (FAC §§ III.31-32.)

Finally, the FAC alleges that the erroneous PSIR subjected him to an inquiry regarding whether he should be civilly confined and was used to prepare his Sex Offender Registration Form. (FAC § III.37.) This, in turn, led to the

5

New York State Sex Offender Registry publishing "some of the lies in the PSI Report on the Internet." (FAC § III.39.)

II. The State Defendants' Motions to Dismiss

On December 24, 2009 and March 24, 2010, the State Defendants filed motions to dismiss the FAC on the grounds of sovereign immunity, collateral estoppel, and qualified immunity. The Court rejected their sovereign immunity argument because Plaintiff was only suing the State Defendants in their individual capacities. Hirsch v. Desmond, No. 08-CV-2660, 2010 WL 3937303, at *2 (E.D.N.Y. Sept. 30, 2010) (hereinafter "Hirsch I"). The Court also rejected their argument that Plaintiff was collaterally estopped from challenging his designation as a level-two offender because, although Justice Kahn adjudicated the appropriateness of his risk level and designation, the constitutional violations asserted in the FAC were never raised or addressed by Justice Kahn. Id. at *4.

The Court did find, however, that Plaintiff's claims against the State Defendants were barred by the doctrine of qualified immunity. The Court dismissed Plaintiff's Fifth Amendment claims because conditioning Plaintiff's receipt of good-time credits and a lower registry score on his making self-incriminating statements did not violate a clearly established right. Id. at *6 (explaining that there is a circuit split on the issue which "refutes any suggestion that Hirsch had a

'clearly' established' Fifth Amendment right not to incriminate himself as part of SOCP"). The Court dismissed Plaintiff's due process claims because, although New York recognizes a liberty interest in a prisoner not being assigned a higher level sex-offender status than appropriate, there is no clearly established federal law precluding the consideration of acquitted charges or Plaintiff's failure to participate in SOCP in calculating his threat-level assessment score. Id. at *7. The Court dismissed Plaintiff's equal protection claims because "the law is settled that the State has a legitimate interest in requiring prisoners to accept responsibility for their past misconduct as part of a therapeutic process designed to reduce recidivism." Id. at *8. Finally, the Court dismissed Plaintiff's double jeopardy claims because neither sex offender registration nor the withholding of good-time credit constitutes punishment for the purposes of double jeopardy. Id.

Thus, the claims against the State Defendants were dismissed in their entirety.

III. The County Defendants' Motion for Summary Judgment

On August 22, 2011, before conducting any discovery, the County Defendants moved for summary judgment, arguing that they are also entitled to dismissal on the grounds of absolute or qualified immunity. The Court granted summary judgment on the claims against the County Defendants in their individual

7

capacities on the grounds of absolute immunity because probation officers are shielded from suits arising out of their preparation and submission of PSIRs to the Courts. Hirsch v. Desmond, No. 08-CV-2660, 2012 WL 537567, at *3-4 (E.D.N.Y. Feb. 15, 2012) (hereinafter "Hirsch II"). As the doctrines of absolute and qualified immunity only protect individuals sued in their individual capacities, the Court denied the motion as to Plaintiff's claims against the County Defendants in their official capacities. Id. at *4-5 & n.7. The County Defendants were granted leave to renew their motion at the close of discovery.

IV. Plaintiff's Proposed Second Amended Complaint

Plaintiff obtained counsel in or around March 2012 and, on April 20, 2012, filed the pending motion to file a second amended complaint. (Docket Entries 72, 74.) The Proposed Second Amended Complaint ("SAC") reasserts due process and equal protection claims against the County Defendants in their official capacities arising out of their failure to verify the accuracy of the statements contained in the PSIR. The SAC also seeks to replead claims against Defendant Pernat and another unnamed SOCP counselor in their individual capacities for violations of due process and equal protection. While most of the allegations in the SAC mirror those in the FAC, there is one major difference. The SAC alleges that Pernat not only

required Plaintiff to confess to the crimes of which he was convicted and the other crimes erroneously included in the PSIR, but she also required him to confess to a fabricated rape claim:

> Upon information and belief, after sentencing and prior to his meeting with Defendant Pernat . . . , Pernat prepared a document stating that Hirsch was responsible for raping, stalking, and menacing his victim, in addition to the sex abuse by forcible touching he was charged with and convicted of. Plaintiff was never charged or convicted of rape, stalking or menacing.
>
> Upon information and belief, stalking and menacing were included in Pernat's document because of the three unverified and unsupported sections of the PSIR that were not stricken by the Probation Officers in a timely manner pursuant to [the trial judge's] order.
>
> Upon information and belief, Pernat also fabricated an allegation of rape in this document without any basis whatsoever, despite the fact that Hirsch was never charged or convicted of rape and the PSIR did not include any such allegation.

(SAC ¶¶ 14-16.)[3] The SAC asserts that Pernat's "attempt[] to force Hirsch to confess to the crimes of rape, menacing, and stalking" violated his rights to due process and equal protection. (SAC ¶¶ 39-41.)

The County Defendants have consented to the filing of the SAC (Docket Entry 77); thus, to the extent that the SAC

---

[3] Plaintiff pleads in the alternative that such document was prepared by the new John Doe defendant "with Pernat's knowledge that such allegations had no basis whatsoever." (SAC ¶ 17.)

9

pleads claims against the County Defendants, the motion is GRANTED. Defendant Pernat, on the other hand, opposes in a one-and-a-half page letter, stating that the motion should be denied because "the Amended Complaint and the proposed Second Amended Complaint basically set forth the same allegations against Ms. Pernat, which were already found to be insufficient and previously led to her dismissal from this action." (Docket Entry 75.)

## DISCUSSION

The Court will discuss the applicable standard of review before addressing the merits of Plaintiff's motion.

I. Standard of Review

Courts should grant leave to amend "when justice so requires." FED. R. CIV P. 15(a)(2). Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002).

To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual allegations in the complaint to "state

a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint does not need "detailed factual allegations," but it demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In addition, the facts pled in the complaint "must be enough to raise a right to relief above the speculative level." Id. Determining whether a plaintiff has met her burden is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

II. Plaintiff's Motion to Amend

Defendant Pernat argues that the equal protection and due process claims asserted against her in the SAC are futile because they are barred by the doctrine of qualified immunity for the reasons articulated in Hirsch I. The Court disagrees. The allegations in the SAC are different than the allegations in the FAC. In the FAC, Plaintiff alleged that Defendant Pernat insisted that he confess to all of the allegations in the PSIR,

11

whether he was charged with and/or convicted of those crimes or not. (FAC §§ III.13-14.)  In the SAC, Plaintiff now alleges that Defendant Pernat also required him to confess to a crime that she fabricated--i.e., a crime that was not included or otherwise mentioned in the PSIR.  Thus, the Court did not previously rule on this claim, and it is not barred by Hirsch I.

Whether these claims are otherwise barred by the doctrine of qualified immunity at this stage of the litigation[4] warrants further consideration.  A government official sued in his or her individual capacity is entitled to qualified immunity:

> (1) if the conduct attributed to him is not prohibited by federal law; or (2) where that conduct is so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct; or (3) if the defendant's action was objective[ly] legal[ly] reasonable[] . . . in light of the legal rules that were clearly established at the time it was taken.

X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 65-66 (2d Cir. 1999) (alterations and omission in original) (internal quotation marks

---

[4] The Court notes, as it did in Hirsch I, that because qualified immunity "necessarily involves a fact-specific inquiry, [i]t is generally premature to address the defense . . . in a motion to dismiss."  Maloney v. Cnty. of Nassau, 623 F. Supp. 2d 277, 292 (E.D.N.Y. 2007) (alteration in original) (internal quotation marks and citation omitted); accord Hirsch I, 2010 WL 3937303, at *5.

12

and citation omitted). The Court will address each of the claims repled against Defendants Pernat and Doe separately.

    A. <u>Substantive Due Process</u>

The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of "life, liberty, or property." U.S. CONST. amend. XIV, § 1. Thus, to establish a violation of substantive due process, Plaintiffs must first identify a valid liberty or property interest. <u>See</u> <u>Harlen Assocs. v. Inc. Vill. of Mineola</u>, 273 F.3d 494, 503 (2d Cir. 2001); <u>Toussie v. Cnty. of Suffolk</u>, 806 F. Supp. 2d 558, 579 (E.D.N.Y. 2011). This Court already held that there is no constitutionally protected liberty interest in the opportunity to earn good-time credits. <u>Hirsch I</u>, 2010 WL 3937303, at *7; <u>see</u> <u>also</u> <u>Abed v. Armstrong</u>, 209 F.3d 63, 66-67 (2d Cir. 2000); <u>cf.</u> <u>Fifield v. Eaton</u>, 669 F. Supp. 2d 294, 297 (W.D.N.Y. 2009) ("It is well-settled that an inmate has no constitutionally protected liberty interest in parole, or other conditional release from prison, prior to the expiration of a valid sentence."). There is, however, a recognized "a liberty interest in a prisoner not being assigned a higher level sex offender status than appropriate." <u>Hirsch I</u>, 2010 WL 3937303, at *7; <u>see</u> <u>also</u> <u>People v. David W.</u>, 95 N.Y.2d 130, 137, 711 N.Y.S.2d 134, 138-39, 733 N.E.2d 206, 210-11 (2000) (stating

13

that the "liberty interest in not being stigmatized as a sexually violent predator[] is substantial").

Thus, having pled a valid liberty interest, "to establish a violation of substantive due process, Plaintiff[] must show that the Defendants infringed that [liberty] interest in an arbitrary or irrational manner that shocks the conscience." Toussie, 806 F. Supp. 2d at 583; see also Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999) ("For state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'"). The Supreme Court has held that while "[l]iability for negligently inflicted harm is categorically beneath the constitutional due process threshold," any actions "deliberately intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (citations omitted).

The Court finds that the facts in the SAC--namely Pernat's insistence that Plaintiff confess to a crime that she knowingly fabricated, which resulted in his classification as a higher level sex offender--are sufficiently "arbitrary" and "outrageous" to survive a motion to dismiss. See, e.g., Kearney

v. Goord, No. 09-CV-0679, 2011 WL 1260076, at *7 (W.D.N.Y. Mar. 4, 2011) (denying a motion to dismiss a substantive due process claim arising out of fabricated charges of misconduct filed by corrections officers against an inmate in retaliation for exercising his constitutional rights); Camac v. Long Beach City Sch. Dist., No. 09-CV-5309, 2011 WL 3030345, at *4, 14 (E.D.N.Y. July 22, 2011) (denying a motion to dismiss a substantive due process claim arising out of a school's knowingly false report to the police that a student attempted suicide, which resulted in the student's commitment to a hospital against the parents' wishes).

Having adequately pled a substantive due process violation, the question becomes whether such violation was "clearly established" at the time in question. See X-Men, 196 F.3d at 66. In determining whether conduct giving rise to a constitutional violation was "clearly established," "'[o]nly Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant.'" Hirsch I, 2010 WL 3937303, at *6 (alteration in original) (quoting Moore v. Vega, 371 F.3d 110, 114 (2d Cir. 2004)). A right is clearly established if its "'coutours [are] sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" Id. (alteration in original) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L.

Ed. 2d 523 (1987)). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson, 483 U.S. at 640 (citations omitted).

Here, the Court finds that the unlawfulness of Pernat's alleged actions was "apparent" in 2006. Although there is no clearly established law precluding the consideration of acquitted charges in determining a sex offender's threat level (and thus, in forcing a sex offender to discuss those acquitted charges in treatment), see Hirsch I, 2010 WL 3937303, at *7, the unlawfulness of fabricating a crime and conditioning the completion of such treatment on confessing to such fabricated crime was "apparent," see Zahrey v. Coffey, 221 F.3d 342, 349 (2d Cir. 2000) (finding that "there is a constitutional right not to be deprived of liberty as a result of the fabrication of evidence by a government officer"). Any argument that Pernat's actions may have been "objectively reasonable" does not appear on the face of the complaint, and thus dismissal on those grounds is inappropriate at this stage of the litigation. See McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004) ("[A]n affirmative defense may be raised by a pre-answer motion to dismiss" only "if the defense appears on the face of the complaint."). Accordingly, to the extent that Plaintiff is

16

seeking leave to replead a substantive due process claim against Pernat and Doe, the motion is GRANTED.

B. Procedural Due Process

Plaintiff also seeks to plead a "stigma-plus" procedural due process claim against Pernat and Doe. "To prevail on a 'stigma plus' claim, a plaintiff must show (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proven false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004) (internal quotation marks and citation omitted). However, "the availability of adequate process defeats a stigma-plus claim." Segal v. City of N.Y., 459 F.3d 207, 213 (2d Cir. 2006) ("Because stigma plus is a species within the phylum of procedural due process claims, however, it is not enough that the plaintiff . . . demonstrate[] the deprivation of her liberty interest; in order to bring a successful stigma-plus claim, the plaintiff must also demonstrate that her liberty was deprived without due process of law."); see also DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003); Valmonte v. Bane, 18 F.3d 992, 1002 (2d Cir. 1994).

Assuming, arguendo, that the allegations in the SAC state a stigma-plus claim, the Court finds, as it did in Hirsch

17

I, that Plaintiff has been afforded sufficient process. Hirsch I, 2010 WL 3937303, at *7. Plaintiff filed a grievance after being expelled from SOCP, which was denied, and he was afforded the opportunity to appeal the denial. (SAC ¶ 20.) Plaintiff also had a hearing before the Time Allowance Committee before his good-time credits were withheld (SAC ¶ 21; FAC Ex. D) and a Sex Offender Level Hearing to challenge Weber's initial threat-level assessment (FAC § III.27)--a determination that he challenged again in Suffolk County Criminal Court (SAC ¶¶ 24-25). As the SAC contains no allegations regarding the adequacy of this process, to the extent that Plaintiff seeks to amend the FAC to assert a procedural due process claim against Pernat and Doe, the motion must be DENIED.

C. Equal Protection

The SAC also purports to assert an equal protection claim against Pernat and Doe. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (internal quotation marks and citation omitted). Because Plaintiff is not a member of a suspect class, see Lee v. Governor of N.Y., 87 F.3d 55, 60 (2d

18

Cir. 1996) ("[P]risoners either in the aggregate or specified by offense are not a suspect class . . . ."), to plead an equal protection claim, he must assert that he was treated differently from similarly situated individuals and either (i) that "such differential treatment was based on impermissible considerations such . . . as a malicious or bad faith intent to injure a person" ("selective prosecution" equal protection) or (ii) that there was "no rational basis for the difference in treatment" ("class-of-one" equal protection), Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir. 2004). As the SAC does not identify any similarly-situated individuals--let alone any similarly-situated inmates that were treated differently--Plaintiff's equal protection claim fails as a matter of law. See, e.g., MacPherson v. Town of Southampton, 738 F. Supp. 2d 353, 371 (E.D.N.Y. 2010) (dismissing the plaintiffs' equal protection claim--"whether pled as a selective enforcement claim or a class-of-one claim" because the complaint failed to "identify any comparators or similarly situated entities at all").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is GRANTED IN PART and DENIED IN PART. To the extent that it seeks to plead due process and equal protection claims against the County Defendants in their official capacities, the motion is GRANTED on consent. To the extent that it seeks to replead

19

due process and equal protection claims against Defendant Pernat and a new John Doe Defendant in their individual capacities, the motion is GRANTED IN PART and DENIED IN PART: Plaintiff may amend the FAC to assert only a substantive due process claim.

The Clerk of the Court is directed to (i) docket pages 2 through 13 of Docket Entry 74 as a separate docket entry titled, "Second Amended Complaint"; (ii) reinstate Pernat as a Defendant in this action; and (iii) add a new John Doe Defendant to the caption.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 7, 2013
       Central Islip, NY